**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAROLD E. RUTILA, IV,

*Plaintiff,*

vs.

RANGE VIEW MANAGEMENT LLC
d/b/a Fresh Start Assist;
Payam Sadeghi

*Defendants.*

Case: 2:26-cv-11457
Assigned To : Grey, Jonathan J.C.
Referral Judge: Grand, David R.
Assign. Date : 5/1/2026
CMP RUTILA IV v. RANGE VIEW MANAGEMENT
LLC (tt)

**COMPLAINT**

## INTRODUCTION

1. Plaintiff Harold E. Rutila, IV ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Defendant Range View Management LLC d/b/a Fresh Start Assist and its manager, Payam Sadeghi, in negligently, willfully, and continually contacting Plaintiff on Plaintiff's telephone in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and its implementing regulations, thereby harassing Plaintiff and invading his privacy.

2. This is Plaintiff's third TCPA case since March 2025 against the same corporate defendant for essentially the same types of violations. *See Rutila v. Range View Management LLC et al*, Case 2:2025cv10839 (E.D. Mich. 2025); *Rutila v. Range View Management LLC et al*, Case 2:2025cv12906 (E.D. Mich. 2025). Both cases were voluntarily dismissed following settlement.

3. This case, like Plaintiff's previous two, involves a telemarketing campaign by Defendants to sell loans and debt consolidation products to Plaintiff without having the required consent

1.

to contact him, and furthermore, while having full knowledge of its obligations not to contact Plaintiff by means of two previous settlements.

4. Defendants began illegally contacting Plaintiff again on or about April 1, 2026.

5. Unless otherwise stated, Plaintiff alleges that Defendants' violations were knowing and willful, that Defendants did not adequately train their employees, agents, and other personnel on the requirements of the TCPA, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of any named Defendant in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that named Defendant.

7. Plaintiff alleges as follows based on personal knowledge and information and belief.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over these TCPA claims under 28 U.S.C. § 1331 because this case arises out of violations of federal law, 47 U.S.C. § 227.

9. This Court has limited personal jurisdiction over Defendant Range View Management LLC because it transacted business within the State of Michigan and/or did acts or caused acts to be done or consequences to occur in the State of Michigan resulting in an action for tort. MCL § 600.715.

10. This Court has limited personal jurisdiction over Defendant Payam Sadeghi because Defendant Sadeghi transacted business within the State of Michigan and/or did acts or caused acts to be done or consequences to occur in the State of Michigan resulting in an action for tort. MCL § 600.705.

2.

11. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(2) because the events and/or omissions giving rise to these claims occurred within this judicial district.

## PARTIES

12. Plaintiff Harold E. Rutila, IV is a natural person and citizen who resides full-time in Wayne County, MI.

13. Defendant Range View Management LLC, d/b/a Fresh Start Assist, is a Wyoming limited liability company with a mailing and principal office address of 1920 Thomes Avenue, Suite 610, Cheyenne, WY 82001. Defendant is also registered as a foreign limited liability company in California, where its principal office is 15303 Ventura Blvd., Suite 1190, Sherman Oaks, CA 91403. Exhibit 3.

14. Defendant Payam Sadeghi is a natural person residing in Irvine, California who is the sole manager of Defendant Range View Management LLC. Defendant Sadeghi signed the Wyoming articles of organization for Range View Management LLC and is listed as the only manager or member in the foreign LLC filing for Range View Management LLC in California. Exhibit 3.

15. Upon information and belief, Defendant Sadeghi:

(a) had direct, personal participation in causing the illegal text messages alleged in this complaint to be made;

(b) directly authorized these illegal text messages to be made;

(c) failed to implement appropriate policies and/or procedures designed to comply with federal statutes and regulations that are the bases for this cause of action;

(d) authorized and ratified the illegal text messages;

(e) refused to alter Defendant Range View Management LLC's business practices despite

3.

that the same corporation had been sued for the same or similar TCPA violations in at least 11 separate actions in multiple federal district courts since 2023, including two prior actions by Plaintiff that resulted in settlement and voluntary dismissal with prejudice; and (f) by repeatedly contacting Plaintiff in violation of the TCPA, took actions that were and are sufficient such that the individual Defendant could reasonably anticipate being brought to court here.

16. Defendants are each a person defined by 47 U.S.C. § 153(39).

## STATUTORY BACKGROUND

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

17. In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11.

18. Congress acknowledged that interstate telemarketing is a problem of such magnitude far exceeding the capability of the Government to enforce alone when it created a legally enforceable bounty system, not unlike *qui tam* statutes, to incentivize aggrieved private citizens to prosecute TCPA violations in private rights of action in the federal courts. *See* 47 U.S.C. § 227(b)(3).

19. The TCPA imposes restrictions on the use of automated telephone equipment. 47 U.S.C. § 227(b)(1).

20. The TCPA bars any call, including a text message:

4.

[T]hat includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party.

47 C.F.R. § 64.1200(a)(2); *see also Keating v. Peterson's Nelnet, LLC*, 615 F. App'x 365, 370 (6th Cir. 2015) (noting that the Federal Communications Commission has determined that the TCPA encompasses text messages to wireless numbers).

21. Congress created a private right of action for aggrieved persons to receive $500 in damages for *each* violation of the TCPA subsection, or the associated regulations, concerning the use of automated telephone equipment. The damage amount may be trebled by up to three times the damage amount if a court finds that a defendant willfully or knowingly violated the statute and/or the regulations. 47 U.S.C. 227(b)(3).

22. Congress also sought to protect telephone subscriber privacy rights and directed the FCC to develop regulations which meet that end, now contained at 47 C.F.R. §§ 64.1200(c), *et seq.*, 64.1200(d), *et seq.*, and 64.1601(e).

23. Congress created another private right of action for aggrieved persons to receive $500 in damages for *each* violation of the TCPA subsection, or the associated regulations, concerning subscriber privacy rights. The damage amount may be trebled by up to three times the damage amount if a court finds that a defendant willfully or knowingly violated the statute and/or the regulations. 47 U.S.C. § 227(c)(5).

24. In cases that the federal government is able to enforce, the fines levied in response to TCPA violations are in the millions to hundreds-of-millions of dollar range, one of the highest of which was levied on August 3, 2023 in the amount of $300 million against a transnational auto warranty telemarketing sales operation. https://docs.fcc.gov/public/attachments/DOC-395728A1.pdf

25. The FCC has declared that the telephone subscribers who have listed their wireless telephone number on the national Do-Not-Call List are deemed "residential subscribers." *In the Matter of Rules and Regulations Implementing the TCPA*, 18 F.C.C. Rcd. 14014, 14039, 2003 WL 21517853, at *14 ¶ 36 (2003).

26. The TCPA makes it unlawful to make calls to any cellular or residential telephone line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the TCPA of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

27. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *Id.*

28. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

29. The TCPA's definition of unsolicited advertisement applies to "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

6.

30. The TCPA requires entities and persons engaging in telemarketing meet minimum standards, including training their personnel concerning the rules regarding telemarketing. 47 C.F.R. §§ 64.1200(d)(1)-(d)(3); 47 C.F.R. § 61.1200(b).

31. When considering individual officer liability under the TCPA, various Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

32. Under the TCPA, an individual party Defendant is personally liable for the acts and omissions alleged in this Complaint.

## FACTUAL ALLEGATIONS

33. At all times relevant herein, Plaintiff maintained and used a residential cellular telephone line, with phone number (810) 845-3497. This phone number is not associated with a business and is used solely by Plaintiff.

34. Plaintiff is the account holder and customary user of his phone number.

35. Plaintiff registered his phone number on the Federal Do Not Call Registry on August 18, 2009. Exhibit 1.

36. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls, which prevent Plaintiff from using his phone for legitimate purposes.

37. According to its website, https://freshstartassist.com, Fresh Start Assist provides consumers with tax debt relief services and is a d/b/a of Defendant Range View Management LLC. Exhibit 2.

38. At the time of this complaint, https://freshstartassist.com displays an error page; however the site is still available via the Wayback Machine at:

https://web.archive.org/web/20250811183100/https://freshstartassist.com/privacy-policy/

39. Plaintiff does not owe, and has never owed, back taxes or any other tax debt to any government, and accordingly, has not sought or inquired about tax debt relief services from any company.

40. Plaintiff did not have any prior business relationship with Defendants.

41. Plaintiff has not provided Defendants consent to contact him.

42. Since October 2023, Defendant Range View Management LLC has been named in approximately 11 federal lawsuits involving TCPA claims, including two by Plaintiff.

43. Plaintiff's first action against Defendant Range View Management LLC, Case No. 2:25-cv-10839 (E.D. Mich.) was filed on March 25, 2025 and was settled and voluntarily dismissed with prejudice on June 16, 2025.

44. Following dismissal of Plaintiff's first action on June 16, 2025, Defendants resumed contacting Plaintiff on or about June 30, 2025. As a result, on September 12, 2025, Plaintiff filed a second action against Defendant Range View Management LLC, Case No. 2:25-cv-

12906 (E.D. Mich.), alleging additional unlawful telemarketing contacts. The second action was settled and voluntarily dismissed with prejudice on October 29, 2025.

45. Defendants utilize telemarketing as a cost-effective method to solicit customers for loans, debt consolidation, and tax debt relief services at large.

46. From April 1, 2026 through April 23, 2026, Plaintiff received 16 text messages for the purpose of solicitation from (877) 884-5743 and (866) 849-5410, as follows:

    a. April 1, 2026 18:09 ET
(877) 884-5743
Hi Harold, This is Emma with Fresh Start Assist. Following up about your personal loan request. Trying to connect you with our agents regarding your approval. Txt END to opt out. Otherwise, can I call you now? If the loan is no longer needed, let me know.

    b. April 2, 2026 12:19 ET
(877) 884-5743
Hi Harold, this is Emma from Fresh Start Assist here. Can I call you to go over your personal loan? If you no longer need it, just let me know. I appreciate it

    c. April 3, 2026 17:04 ET
(877) 884-5743
Hi Harold, Don't want to bother you. This is Fresh Start Assist to finish reviewing options for your personal loan. Do you have time now for a quick call? If the loan is no longer needed, let me know. I appreciate it.

    d. April 4, 2026 13:05 ET
(877) 884-5743
Hi Harold, Emma here from Fresh Start Assist to review loan options. Let me know if you no longer need the loan, otherwise have a few minutes now to discuss your application?

    e. April 6, 2026 12:45 ET
(877) 884-5743
Harold, this is Emma from Fresh Start Assist following up regarding your personal loan. If not interested, just let me know. Otherwise, is now a better time to talk?

    f. April 7, 2026 16:09 ET
(877) 884-5743

Hi Harold, we noticed your interest in a personal loan. Would now be a better time to go over your options? - Fresh Start Assist

g.  April 9, 2026 17:03 ET
(877) 884-5743
Hi Harold, this is Emily from Fresh Start Assist. Just need a few minutes to finish reviewing your loan request. Can you talk now?

h.  April 13, 2026 14:56 ET
(877) 884-5743
Hi Harold, this is Emily from Fresh Start Assist. Just need a few minutes to finish reviewing your loan request. Can you talk now?

i.  April 15, 2026 14:05 ET
(877) 884-5743
Hi Harold, this is Emily from Fresh Start Assist. There may be some lower-rate personal loan options available to you now. Can I call you to review?

j.  April 17, 2026 19:49 ET
(866) 849-5410
Hi Harold, This is Jess with Fresh Start Assist. Following up about your personal loan request & we are trying to connect you with our loan officer regarding your approval. Txt END to opt out. Otherwise, can I call you now? If the loan is no longer needed, let me know.

k.  April 18, 2026 12:32 ET
(866) 849-5410
Hi Harold, just checking in! Our agents has a few openings this week to review personal loan options. A quick consultation could help you plan a fresh financial start. Do you have a few mins for a call?

l.  April 20, 2026 14:32 ET
(877) 884-5743
Hi Harold, it's Emily from Fresh Start Assist. Following up to explore loan options, we're ready when you are. Want to connect now for a quick call?

m.  April 20, 2026 16:55 ET
(866) 849-5410
Harold, Jess here. I don't want to bother you, but many clients like you have recently taken steps toward a fresh financial start through our consultation. Our agents can review your options and estimated costs. Are you free for a quick call?

10.

n. April 21, 2026 13:41 ET
(866) 849-5410
Hi Harold, I haven't heard back from you. This is Jess with Fresh Start Assist. A short call could help you explore personal loan options for a fresh financial start. Can we connect today?

o. April 22, 2026 15:13 ET
(866) 849-5410
Hi Harold, this is Fresh Start Assist. If you're still considering a personal loan, our agents can provide details and estimated costs. Can Is (sic) now a good time?

p. April 23, 2026 16:45 ET
(866) 849-5410
Hi Harold, this is Jess with Fresh Start Assist. This is my final follow-up before your file becomes inactive. You may qualify for a consultation that could help you secure a fresh financial start. Can I connect you now with our agents to discuss?

47. Defendants sent at least 16 text solicitations to Plaintiff. The precise count and originating number list will be finalized and clarified during discovery, and Plaintiff will seek leave to amend accordingly.

48. Upon information and belief, telephone numbers (877) 884-5743 and (866) 849-5410 are operated by, on behalf of, or under the direction of Defendants for the purpose of conducting the telemarketing campaign described herein. This belief is supported by (a) the consistent identification of "Fresh Start Assist" as the sender of each text message; (b) the use of identical and rotating template scripts across both originating numbers; (c) the same product line – personal loans – appearing in messages from both originating numbers; and (d) the same business name and product line that Defendants used in prior settled telemarketing actions against Plaintiff.

11.

49. Defendants' use of two distinct numbers in parallel during the same campaign window, including overlapping dates between April 17, 2026 and April 23, 2026, demonstrates a coordinated multi-lane outreach process that bypassed any reasonable internal do-not-call processes. No properly maintained, internal do-not-call process could have produced this pattern of repeat contact on a consumer like Plaintiff, who has twice initiated and settled federal TCPA actions against Defendant Range View Management LLC.

50. Defendants' text messages contain distinct hallmarks of automated platform-based text messages, including (a) identical or near-identical templates throughout the campaign; (b) a rotation of fictitious sender names (e.g. "Emma," "Emily," and "Jess") without continuity of conversations between messages; (c) the use of two separate phone numbers in parallel during overlapping date ranges; (d) the regular cadence of the sending of the messages, with same-day or one-day-apart sending intervals; and (e) the absence of any individualized content suggesting that a live person composed each message.

51. Upon information and belief, Defendants used an automatic telephone dialing system, an automated text messaging platform, and/or technology that transmits text messages without human intervention to compose or send each individual message, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

52. On April 23, 2026, Plaintiff sent a pre-suit demand letter regarding the conduct alleged herein to Brent Phillips, Esq., the counsel of record for Defendant Range View Management LLC in both of Plaintiff's prior cases with the same Defendant. On April 27, 2026, Mr. Phillips replied and advised Plaintiff that he was "not representing Range View in this matter."

53. Defendants were required under TCPA regulations to provide training to any personnel engaged in any aspect of telemarketing on the existence and use of Do Not Call lists.

54. As demonstrated in the above allegations, Defendants have failed to properly train their personnel on the existence and use of Do Not Call lists.

55. Defendants are not exempt from the TCPA.

56. Defendants' text messages to Plaintiff were each a "telephone solicitation" as defined by the TCPA.

57. Defendants' text messages to Plaintiff were each an "unsolicited advertisement" as defined by the TCPA.

58. Upon information and belief, Plaintiff received additional calls and text messages from Defendants that have not yet been identified.

59. As a result of the foregoing, Plaintiff has been unnecessarily inconvenienced, annoyed, irritated, and frustrated by Defendants' repetitive attempts to contact him.

60. Defendants have a pattern and practice of failing to comply with the TCPA.

61. The foregoing acts and omissions were violations of the TCPA.

62. The foregoing acts and omissions were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

63. Defendants' text messages were knowing and willful violations of the TCPA.

64. Defendants are engaging in violations of the TCPA in order to garner business.

65. Defendants' officers, employees, and other personnel can be held personally liable in TCPA actions for unlawful conduct.

66. Defendants' texts to Plaintiff were not made for "emergency purposes."

67. Defendants' texts to Plaintiff were made without any prior express written consent.

68. Defendants contacted Plaintiff, despite that Plaintiff was on the Do Not Call Registry.

69. Plaintiff received from Defendants more than one telephone call in the form of text messages within a 12-month period in violation of the TCPA's subscriber privacy regulations, which satisfies the prerequisites for a private right of action under 47 U.S.C. § 227(c)(5).

70. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent *bona fide* error, lawful right, legal defense, legal justification or legal excuse.

71. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and trebles damages.

72. In discovery, Plaintiff will identify the precise number of text messages sent by Defendants and/or its agents or affiliates and will then request leave to amend the complaint accordingly.

## COUNT 1:

Violation of TCPA automated telemarketing provisions, 47 U.S.C. § 227(b)(1)(A)(iii):
Sending text messages to a wireless number using an automated telephone dialing system or
automated text messaging platform without prior express written consent, 47 C.F.R.
§ 64.1200(a)(2)

73. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

74. Defendants sent at least 16 text messages to Plaintiff's residential cellular telephone line using an automatic telephone dialing system, an automated text-messaging platform, and/or technology that transmits messages without human intervention to compose or send each individual message, without Plaintiff's prior express written consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2).

75. Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff was statutorily damaged by Defendants at least 16 times in the amount of $500 per time.

76. Defendants' actions were willful and/or knowing violations of the TCPA as evidenced by (a) Plaintiff's phone number having been registered on the federal Do-Not-Call list since

14.

2009;

(b) Defendants' notice of their potential liabilities under the TCPA following approximately 11 separate lawsuits in federal courts since 2023, including two by Plaintiff in this District that were dismissed following settlement in 2025;

(c) Defendants' restart of attempts to contact Plaintiff on or about June 30, 2025 following the parties' first lawsuit and settlement; and

(d) Defendants' restart of attempts to contact Plaintiff beginning April 1, 2026 following the parties' second lawsuit and settlement.

77.  Because Defendants willfully and/or knowingly violated this subsection of the TCPA, the Court should treble the damage amount to $1,500 per each violation as permitted by 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff requests judgment be entered in his favor against Defendants, jointly and/or severally, in the amount of $24,000, plus costs and any other remedy deemed appropriate.

## COUNT 2:

Violation of TCPA protection of subscriber privacy rights, 47 U.S.C. § 227(c)(5):
Initiating a telephone solicitation to a residential telephone subscriber who is on
the national Do Not Call Registry, 47 C.F.R. § 64.1200(c)(2)

78.  Plaintiff incorporates all preceding paragraphs as if fully restated herein.

79.  Defendants initiated a telephone solicitation to Plaintiff's cellular telephone line through at least 16 text messages, despite that Plaintiff was on the National Do Not Call Registry, for a total of at least 16 violations of 47 C.F.R. § 64.1200(c)(2).

80.  Pursuant to 47 U.S.C. § 227(c)(5)(B), Plaintiff was statutorily damaged by Defendants at least 16 times in the amount of $500 per time.

81.  Defendants' actions were willful and/or knowing violations of the TCPA as evidenced by

15.

(a) Plaintiff's phone number having been registered on the federal Do-Not-Call list since 2009; (b) Defendants' notice of their potential liabilities under the TCPA following approximately 11 separate lawsuits in federal courts since 2023, including two by Plaintiff in this District that were dismissed following settlement in 2025; (c) Defendants' restart of attempts to contact Plaintiff beginning on June 30, 2025 following the parties' first lawsuit and settlement; and (d) Defendants' restart of attempts to contact Plaintiff beginning April 1, 2026 following the parties' second lawsuit and settlement.

82. Because Defendants willfully and/or knowingly violated this subsection of the TCPA, the Court should treble the damage amount to $1,500 per each violation as permitted by 47 U.S.C. § 227(c)(5)(C).

WHEREFORE, Plaintiff requests judgment be entered in his favor against Defendants, jointly and/or severally, in the amount of $24,000, plus costs and any other remedy deemed appropriate.

## **COUNT 3:**

Violation of TCPA protection of subscriber privacy rights, 47 U.S.C. § 227(c)(5):
Failure to honor a residential telephone subscriber's request not to receive calls, 47 C.F.R.
§ 64.1200(d)(3), (6)

83. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

84. Section 64.1200(d)(3) requires that

If a person or entity making…any call for telemarketing…receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request.

85. Section 64.1200(d)(6) requires that

A person or entity making…any call for telemarketing purposes must maintain a record of a consumer's request not to receive further calls. A do-not-call request must be honored for

16.

5 years from the time the request is made.

86. Plaintiff has twice filed suit against Defendant Range View Management LLC, first in March 2025 and, following settlement of the first suit, again in September 2025, which likewise settled.

87. Through the filing, settlement, and dismissal with prejudice of Plaintiff's two prior actions against Defendant Range View Management LLC, Defendants received actual notice that Plaintiff did not wish to receive further telemarketing communications from Defendants, their d/b/a entities, affiliates, or any person acting on their behalf. These actions, taken together, function as do-not-call requests within the meaning of 47 C.F.R. § 64.1200(d)(3) and (6). Both sections are required to be honored for five years from the date a do-not-call request was made and within ten business days of receipt. Notwithstanding their notice, Defendants sent at least 16 additional text solicitations to Plaintiff between April 1, 2026 and April 23, 2026 in violation of 47 C.F.R. § 64.1200(d)(3) and (6).

88. Pursuant to 47 U.S.C. § 227(c)(5)(B), Plaintiff was statutorily damaged by Defendants at least 16 times in the amount of $500 per time.

89. Defendants' actions were willful and/or knowing as evidenced by:

(a) Plaintiff's phone number having been registered on the federal Do-Not-Call list since 2009;

(b) Defendants' notice of their potential liabilities under the TCPA following approximately 11 separate lawsuits in federal courts since 2023, including two by Plaintiff in this District that were dismissed following settlement in 2025;

(c) Defendants' restart of attempts to contact Plaintiff beginning on June 30, 2025 following the parties' first lawsuit and settlement; and

17.

(d) Defendants' restart of attempts to contact Plaintiff beginning April 1, 2026 following the parties' second lawsuit and settlement.

90.   Because Defendants willfully and/or knowingly violated this subsection of the TCPA, the Court should treble the damage amount to $1,500 per each violation as permitted by 47 U.S.C. § 227(c)(5)(C).

WHEREFORE, Plaintiff requests judgment be entered in his favor against Defendants, jointly and/or severally, in the amount of $24,000, plus costs and any other remedy deemed appropriate.

## COUNT 4:

### Violation of TCPA protection of subscriber privacy rights, 47 U.S.C. § 227(c)(5): Failure to identify the entity on whose behalf telemarketing messages were sent, 47 C.F.R. § 64.1200(d)(4)

91.   Plaintiff incorporates all preceding paragraphs as if fully restated herein.

92.   Section 64.1200(d)(4) requires that any call made for telemarketing purposes provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

93.   Each of Defendants' 16 text messages identified the sender only by a rotating fictitious first name ("Emma," "Emily," or "Jess") and Defendants' trade name "Fresh Start Assist," but failed to identify the legal entity Range View Management LLC, on whose behalf the messages were sent, and failed to provide a callback telephone number or address at which Defendants may be contacted, in violation of 47 C.F.R. § 64.1200(d)(4).

94.   Pursuant to 47 U.S.C. § 227(c)(5)(B), Plaintiff was statutorily damaged by Defendants at least 16 times in the amount of $500 per time.

18.

95. Defendants' actions were willful and/or knowing because

(a) Defendants control the content of the scripted templates used in the campaign;

(b) the omission of the Range View Management LLC name and callback information was identical across all 16 messages; and

(c) Defendants have been on notice of their TCPA identification obligations since at least the filing of Plaintiff's first action in March 2025.

96. The Court should treble the damage amount to $1,500 per violation pursuant to 47 U.S.C. § 227(c)(5)(C).

WHEREFORE, Plaintiff requests judgment be entered in his favor against Defendants, jointly and/or severally, in the amount of $24,000, plus costs and any other remedy deemed appropriate.

### COUNT 5:

**Violation of TCPA protection of subscriber privacy rights, 47 U.S.C. § 227(c)(5):**
**Failure to inform and train personnel in the existence and use of do-not-call lists, 47 C.F.R. §**
**64.1200(d)(2)**

97. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

98. Section 64.1200(d)(2) requires that any person or entity making telemarketing calls or text messages inform and train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

99. Defendants' continued contacts toward Plaintiff despite two settled federal TCPA actions involving the same plaintiff and same corporate defendant, combined with Defendants' use of two parallel originating numbers, repeated identical scripted templates across multiple simultaneous campaigns, and rotating fictitious sender names, demonstrates that Defendants failed to adequately train their personnel, agents, and vendors on the existence and use of internal do-not-call lists.

100. Defendants sent at least 16 text messages to Plaintiff in the absence of any functioning internal do-not-call training program, in violation of 47 C.F.R. § 64.1200(d)(2).

101. Pursuant to 47 U.S.C. § 227(c)(5)(B), Plaintiff was statutorily damaged by Defendants at least 16 times in the amount of $500 per time.

102. Defendants' violation was knowing and willful because training personnel on do-not-call policies is required by the TCPA. Having been sued under the TCPA at least 11 times since 2023, including two prior actions by Plaintiff that resulted in settlement, Defendants had ample notice that their TCPA compliance was deficient. Despite this knowledge, Defendants continued telemarketing activities without taking necessary steps to ensure compliance with the TCPA. The Court should treble the damage amount to $1,500 per violation pursuant to 47 U.S.C. § 227(c)(5)(C).

WHEREFORE, Plaintiff requests judgment be entered in his favor against Defendants, jointly and/or severally, in the amount of $24,000, plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants, jointly and severally, as follows:

**A.** Damages:

    **1.** Damages for violations of the TCPA alleged:

| Count | Violations |
|-------|------------|
| I | 16 |
| II | 16 |
| III | 16 |
| IV | 16 |
| V | 16 |

A total of 80 violations at $500 per violation, for base statutory damages of $40,000 which shall be trebled pursuant to 47 U.S.C. § 227(b)(3)(C) (Count I) and § 227(c)(5)(C)

(Counts II-V) because the violations were willful and/or knowing, for total trebled damages of **$120,000.**

**B.** An award of Plaintiff's taxable costs and disbursements incurred in the filing and prosecution of this action;

**C.** Injunctive relief prohibiting Defendants from initiating any telephone calls, voicemails, and text messages to Plaintiff's cellular telephone line in the future;

**D.** Interest accruing from the date of filing until paid at the statutory rate;

**E.** Leave to amend this Complaint to conform to the evidence presented at trial; and

**F.** Any other relief this Court deems just and proper.

Respectfully submitted,

Dated: May 1, 2026

/s/ Harold E. Rutila, IV

Harold E. Rutila IV
*Pro se*
11800 Merriman Rd #51552
Livonia, MI 48151
h.rutila@gmail.com
(810) 845-3497

21.

# EXHIBIT 1

 Gmail                                                                                     Harold Rutila <h.rutila@gmail.com>

**National Do Not Call Registry - Your Registration Is Confirmed**
1 message

**Verify@donotcall.gov** <Verify@donotcall.gov>                                                         Mon, Mar 24, 2025 at 3:51 PM
To: h.rutila@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 3497 on August 18, 2009. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2



freshstartassist.com/%20)

(https://

How Tax Relief Works    Get Solutions    Benefits    FAQ

(800) 596-6165
(tel:8005966165)

# Terms and Condition

# DATE : 22nd July 2023

freshstartassist.com ("Website") is owned and operated by Fresh Start Assist d/b/a/ Range View Management, LLC ("we" or "us").  These terms and conditions outline the rules and regulations for the use of the Website. By browsing, accessing and using this Website through any direct or indirect means or by utilizing products or Services offered through this Website, including any communications to Us, you agree to be these terms and conditions ("Terms"). You acknowledge that any information that you provide through the Website or for the Service will be provided and used in accordance with our Privacy Policy, the terms of which are incorporated herein and made a part of this Agreement.

**Do not use this Website or services if you do not agree to the posted Terms of Use and Privacy Policy.**

**THIS TERMS OF USE AGREEMENT CONTAINS A MANDATORY ARBITRATION PROVISION, WAIVER OF JURY TRIAL AND CLASS ACTION. PLEASE REVIEW THESE PROVISIONS. If you do not agree with these terms, please do not use this Website or services.**

# SERVICES

This Website is intended for your personal, non-commercial use. You may not use the Website directly or indirectly for any illegal or unauthorized purpose. This Website is intended for United States residents only who are at least 18 years of age. This Website provides information on consumer financial products and services and allows individuals to apply for, or request to speak with a representative for additional loan information, or support.

# INDUSTRY DISCLOSURES

# EXHIBIT 3

| | | LLC-12NC | 21-D54022 |
|---|---|---|---|

**Secretary of State**
Statement of No Change
(Limited Liability Company)

**FILED**

In the office of the Secretary of State
of the State of California

JUL 14, 2021

IMPORTANT — **Read instructions** before completing this form.  This form may be used only if a complete Statement of Information has been filed previously and there has been no change.

Filing Fee – $20.00

Copy Fee  – $1.00;
        Certification Fee - $5.00 plus copy fee

*This Space For Office Use Only*

1.  **Limited Liability Company Name** (Enter the **exact** name of the LLC as it is recorded with the California Secretary of State.  Note: If you registered in California using an alternate name, **see instructions**.)

RANGE VIEW MANAGEMENT LLC

| 2.  **12-Digit Secretary of State File Number** | 3.  **State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201724310500 | WYOMING |

4.  **No Change Statement** (Do not alter the No Change Statement.  If there has been any change, please complete a Statement of Information (Form LLC-12).)

*There has been no change in any of the information contained in the previous complete Statement of Information filed with the California Secretary of State.*

5.  The information contained herein is true and correct.

| 07/14/2021 | Demosthenis Zeppos | Attorney | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)**  (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document, enter the name of a person or company and the mailing address. This information will become public when filed. (SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:  ⌐                                           ¬

Company:

Address:

City/State/Zip:  ⌊                                           ⌋

LLC-12NC (REV 01/2017)

2017 California Secretary of State
www.sos.ca.gov/business/be

| | | |
|---|---|---|
| **Secretary of State**<br>**Statement of Information**<br>(Limited Liability Company) | **LLC-12** | **19-D60754** |

**FILED**

In the office of the Secretary of State
of the State of California

SEP 23, 2019

This Space For Office Use Only

**IMPORTANT** — Read instructions before completing this form.

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**1. Limited Liability Company Name** (Enter the exact name of the LLC.  If you registered in California using an alternate name, see instructions.)

RANGE VIEW MANAGEMENT LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201724310500 | WYOMING |

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>15303 Ventura Blvd., Suite 1190 | Sherman Oaks | CA | 91403 |
| b. Mailing Address of LLC, **if different than item 4a**<br>15303 Ventura Blvd., Suite 1190 | Sherman Oaks | CA | 91403 |
| c. Street Address of **California Office, if Item 4a is not in California** - Do not list a P.O. Box<br>15303 Ventura Blvd., Suite 1190 | Sherman Oaks | CA | 91403 |

**5. Manager(s) or Member(s)**    If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank).  If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank).  Note:  The LLC cannot serve as its own manager or member.  If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Payam | | Sadeghi | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 15303 Ventura Blvd., Suite 1190 | Sherman Oaks | CA | 91403 |

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

    **INDIVIDUAL** – Complete Items 6a and 6b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Payam | | Sadeghi | |

| b. Street Address (if agent is **not** a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 15303 Ventura Blvd., Suite 1190 | Sherman Oaks | CA | 91403 |

    **CORPORATION** – Complete Item 6c only.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| Marketing |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 09/23/2019 | Demosthenis Zeppos | Attorney | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:    ⌈

Company:

Address:

City/State/Zip:    ⌊            ⌋



**Secretary of State**

**Application to Register a Foreign Limited Liability Company (LLC)**

| LLC-5 |
| --- |

**2 0 1 7 2 4 3 1 0 5 0 0**



**FILED**
Secretary of State
State of California

**AUG 2 5 2017**

*This Space For Office Use Only*

---

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current Certificate of Good Standing issued by the government agency where the LLC was formed.  See Instructions.

**Filing Fee  —  $70.00**

**Copy Fees  —  First page $1.00; each attachment page $0.50;
Certification Fee - $5.00**

*Note:* Registered LLCs in California may have to pay minimum $800 tax to the California Franchise Tax Board each year.  For more information, go to https://www.ftb.ca.gov.

---

**1a. LLC Name** (Enter the exact name of the LLC as listed on your attached Certificate of Good Standing.)

RANGE VIEW MANAGEMENT LLC

**1b. California Alternate Name, If Required** (See Instructions – Only enter an alternate name if the LLC name in 1a not available in California.)

**2.   LLC History** (See Instructions – Ensure that the formation date and jurisdiction match the attached Certificate of Good Standing.)

| a. Date LLC was formed in home jurisdiction (MM/DD/YYYY) | b. Jurisdiction (State, foreign country or place where this LLC is formed.) |
| --- | --- |
| 4 / 28 / 2015 | WYOMING |

c. Authority Statement (Do not alter Authority Statement)

This LLC currently has powers and privileges to conduct business in the state, foreign country or place entered in Item 2b.

**3.   Business Addresses** (Enter the complete business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| | City (no abbreviations) | State | Zip Code |
| --- | --- | --- | --- |
| a. Street Address of Principal Executive Office - Do not enter a P.O. Box<br>1712 PIONEER AVE. STE. 7000 | CHEYENNE | WY | 82001 |
| b. Street Address of Principal Office in California, if any - Do not enter a P.O. Box<br>100 SPECTRUM CENTER DRIVE, STE 900 | IRVINE | CA | 92618 |
| c. Mailing Address of Principal Executive Office, if different than item 3a | City (no abbreviations) | State | Zip Code |

**4.   Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL – Complete Items 4a and 4b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation)<br>HEUBERT | Middle Name | Last Name<br>MARTINEZ | Suffix |
| --- | --- | --- | --- |
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box<br>560 S. GILMAR ST. | City (no abbreviations)<br>ANAHEIM | State<br>CA | Zip Code<br>92802 |

CORPORATION – Complete Item 4c only.  Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b

**5.   Read and Sign Below** (See Instructions.  Title not required.)

I am authorized to sign on behalf of the foreign LLC.

_____
Signature

LLC-5 (REV 01/2017)

Heubert Martinez
_____
Type or Print Name

2017 California Secretary of State
www.sos.ca.gov/business/be

## STATE OF WYOMING
### Office of the Secretary of State

I, ED MURRAY, SECRETARY OF STATE of the STATE OF WYOMING, do hereby certify that according to the records of this office,

### Range View Management LLC

is a

### Limited Liability Company

formed or qualified under the laws of Wyoming did on **April 28, 2015**, comply with all applicable requirements of this office. Its period of duration is Perpetual. This entity has been assigned entity identification number **2015-000685808**.

This entity is in existence and in good standing in this office and has filed all annual reports and paid all annual license taxes to date, or is not yet required to file such annual reports; and has not filed Articles of Dissolution.

I have affixed hereto the Great Seal of the State of Wyoming and duly generated, executed, authenticated, issued, delivered and communicated this official certificate at Cheyenne, Wyoming on this 17th day of August, 2017 at 3:57 PM. This certificate is assigned 023899436.

Secretary of State

20172431 0500

Notice: A certificate issued electronically from the Wyoming Secretary of State's web site is immediately valid and effective. The validity of a certificate may be established by viewing the Certificate Confirmation screen of the Secretary of State's website http://wyobiz.wy.gov and following the instructions displayed under Validate Certificate.

**2026**           **Limited Liability Company Annual Report**

Due on or Before:      April 1, 2026
ID:                    2015-000685808
State of Formation:    Wyoming
License Tax Paid:      $60.00
AR Number:             16951523

<u>For Office Use Only</u>
Wyoming Secretary of State
Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
307-777-7311
https://wyobiz.wyo.gov/Business/AnnualReport.aspx

**Range View Management LLC**

*Current Registered Agent:*
Paracorp Incorporated
1912 Capitol Ave Ste 500
Cheyenne, WY 82001

1:  Mailing Address

1920 Thomas Avenue
Ste 610
Cheyenne, WY 82001

2:  Principal Office Address

1920 Thomas Avenue
Ste 610
Cheyenne, WY 82001

Phone: (949) 836-1290
Email: Psherman@lendbee.com

• Please review the current Registered Agent information and, if it needs to be changed or updated, complete the <u>appropriate</u> form available from the Secretary of State's website at https://sos.wyo.gov

I hereby certify under the penalty of perjury that the information I am submitting is true and correct to the best of my knowledge.

| Paya Sadeghi | Paya Sadeghi | April 2, 2026 |
|---|---|---|
| Signature | Printed Name | Date |

**The fee is $60 or two-tenths of one mill on the dollar ($.0002), whichever is greater.**

**Instructions:**
1. Complete the required worksheet;
2. Sign and date this form; and
3. Return both the form and worksheet to the Secretary of State at the address provided above.

# 2025          Limited Liability Company Annual Report

Due on or Before:     April 1, 2025
ID:                   2015-000685808
State of Formation:   Wyoming
License Tax Paid:     $60.00
AR Number:            11115667

<u>For Office Use Only</u>
Wyoming Secretary of State
Herschler Bldg East, Ste.100 & 101, Cheyenne, WY
82002-0020
307-777-7311
https://wyobiz.wyo.gov/Business/AnnualReport.aspx

## Range View Management LLC

1:  Mailing Address

1920 Thomas Avenue
Ste 610
Cheyenne, WY 82001

*<u>Current Registered Agent:</u>*
Paracorp Incorporated
1912 Capitol Ave Ste 500
Cheyenne, WY 82001

2:  Principal Office Address

1920 Thomas Avenue
Ste 610
Cheyenne, WY 82001

Phone: (949) 836-1290
Email: Psherman@lendbee.com

• Please review the current Registered Agent information and, if it needs to be changed or updated, complete the <u>appropriate</u> form available from the Secretary of State's website at https://sos.wyo.gov

---

I hereby certify under the penalty of perjury that the information I am submitting is true and correct to the best of my knowledge.

| Payam Sadeghi | Payam Sadeghi | March 20, 2025 |
|---|---|---|
| Signature | Printed Name | Date |

---

**The fee is $60 or two-tenths of one mill on the dollar ($.0002), whichever is greater.**

**Instructions:**
1.  Complete the required worksheet;
2.  Sign and date this form; and
3.  Return both the form and worksheet to the Secretary of State at the address provided above.

# 2024       Limited Liability Company Annual Report

| | |
|---|---|
| Due on or Before: | April 1, 2024 |
| ID: | 2015-000685808 |
| State of Formation: | Wyoming |
| License Tax Paid: | $60.00 |
| AR Number: | 09548926 |

<u>For Office Use Only</u>
Wyoming Secretary of State
Herschler Bldg East, Ste.100 & 101, Cheyenne, WY 82002-0020
307-777-7311
https://wyobiz.wyo.gov/Business/AnnualReport.aspx

## Range View Management LLC

1: Mailing Address

1920 Thomas Avenue
Ste 610
Cheyenne, WY 82001

*<u>Current Registered Agent:</u>*
Paracorp Incorporated
1912 Capitol Ave Ste 500
Cheyenne, WY 82001

2: Principal Office Address

1920 Thomas Avenue
Ste 610
Cheyenne, WY 82001

Phone: (949) 836-1290
Email: Psherman@lendbee.com

• Please review the current Registered Agent information and, if it needs to be changed or updated, complete the <u>appropriate</u> form available from the Secretary of State's website at https://sos.wyo.gov

---

I hereby certify under the penalty of perjury that the information I am submitting is true and correct to the best of my knowledge.

| Payam Sadeghi | Payam Sadeghi | February 16, 2024 |
|---|---|---|
| Signature | Printed Name | Date |

---

**The fee is $60 or two-tenths of one mill on the dollar ($.0002), whichever is greater.**

**Instructions:**
1. Complete the required worksheet;
2. Sign and date this form; and
3. Return both the form and worksheet to the Secretary of State at the address provided above.

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Wayne County, MI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Harold E. Rutila, IV

## DEFENDANTS

Range View Management, LLC d/b/a Fresh Start Assist; Payam Sadeghi

**(b)** County of Residence of First Listed Plaintiff   Wayne County, MI
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [x] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
Illegal telemarketing under federal statutes and regulations.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 120,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   Honorable Terrence G. Berg
2:25-cv-10839
DOCKET NUMBER   2:25-cv-12906

DATE   May 1, 2026

SIGNATURE OF ATTORNEY OF RECORD   *Harold E. Rutila IV*

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously     ☑ Yes
            discontinued or dismissed companion cases in this or any other   ☐ No
            court, including state court? (Companion cases are matters in which
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: __E.D. Mich., Southern Division_____

Case No.: __2:2025-cv-10839-TGB-KGA;_____
            __2:2025-cv-12906-TGB-KGA_____

Judge: __Hon. Terrence G. Berg_____


Notes : Cases all have different occurrences but same cause of action and parties.

---

[ Save ]   [ Print ]   [ Reset ]   [ Exit ]