**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAROLD E. RUTILA, IV,

*Plaintiff,*

vs.

RANGE VIEW MANAGEMENT LLC, et al.

*Defendants*.

Civil Action No.
2:26-cv-11457-JJCG-DRG
Assigned to
Honorable Jonathan J.C. Grey
Referred to Honorable David R. Grand

**DECLARATION OF PLAINTIFF HAROLD E. RUTILA, IV IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

I, Harold E. Rutila, IV, an adult of sound mind, declare as follows:

1. I am the Plaintiff in this instant action and make the following statements based upon my personal knowledge and records. If called to testify concerning any of these statements, I will be able to do so.
2. I make these statements in support of Plaintiff's Motion for Default Judgment.
3. I am unaware of Defendant Payam Sadeghi being a minor, incompetent, or in military service.
4. Defendant Range View Management LLC is a limited liability company, not a natural person.
5. My cellular telephone number of (810) 845-3497 has been my personal number since 2007.

6. I am the sole user and account holder of the account for my cellular telephone number.
7. My cellular telephone number is for residential use and is not associated with any business.
8. When I first obtained my cellular telephone number in 2007, I was a resident of Genesee County.
9. Since 2018, I have resided full-time in Wayne County.
10. I received all of the messages at issue while I was in Michigan, with the exception of 4 messages that were received while I was traveling for work out of state. Those 4 include the messages alleged at Compl. ¶¶ 46(j), 46(k), 46(l), and 46(m), during which times I was in Kansas City, MO; Atlanta, GA; Baltimore, MD; and Atlanta, GA, respectively. Regardless of where I was when any particular message was delivered, every message was sent to my Michigan-based (810) area code cellular telephone number, the number associated with my Wayne County residence.
11. I registered my cellular telephone number on the National Do Not Call Registry on August 18, 2009, and it has remained registered continuously since then. The original registration confirmation was attached to the Complaint as Exhibit 1. A verification email I obtained on September 4, 2026 confirming my registration is attached as Exhibit 1 to this Declaration.

12. From April 1, 2026 through April 23, 2026, I received each of the 16 text messages described in Compl. ¶ 46 (a)-(p) from (866) 849-5410 and (877) 884-5743 on my personal cell phone.

13. Attached as Exhibit 2 are true and accurate copies of screenshots I took from my cellular telephone showing the sixteen text messages described in ¶ 46 of the Complaint, as received from (877) 884-5743 and (866) 849-5410 between April 1, 2026 and April 23, 2026.

14. Based on my firsthand review of these messages, they bear the hallmarks of machine generation as opposed to individual human composition. Every message begins with my first name in an auto-populated greeting ("Hi Harold," or "Harold,"). The first message from each of the two numbers opens with the same false premise: that it was "[f]ollowing up" on a "personal loan request" I had supposedly made and an "approval" that was supposedly pending. I have never made any loan request to Defendants, and thus no "approval" of any such request could have been pending. The messages bore slight variations in wording but maintained several stock phrases. For example, "if the loan is no longer needed, let me know," "is now a better time," "can you talk now?", "I don't want to bother you," and "I haven't heard back from you." The messages maintained the same fictional storyline, ending with a "final follow-up before your file becomes inactive." The messages rotated among three fictitious sender names,

"Emma," "Emily," and "Jess," with no continuity among them: each persona wrote as though conducting the same follow-up, and none acknowledged any prior message or my complete lack of response. The messages arrived on a near-daily cadence. From April 1, 2026 through April 23, 2026, Defendants sent me what appear to be two campaigns from two separate numbers in parallel, sending me the same storyline simultaneously. Several messages contain template-assembly errors no individual author proofreading a personal message would send, such as "Our agents has a few openings this week" and "Can Is now a good time?"

15. I retained screenshots of the text message campaign underlying my second lawsuit against Defendant Range View Management LLC, which were received in August 2025 from (888) 592-6190. True and accurate copies of those messages are attached as Exhibit 3. The August 2025 messages follow the same script as the April 2026 messages: the same fabricated "personal loan request" premise, the same pending "approval" pretext, the same opt-out formula, and several of the same stock sentences nearly verbatim, all sent under the same fictitious persona, "Emma." The August 4, 2025 message also expressly referenced "your personal loan request in MI," reflecting that Defendants' telemarketing system associated my telephone number with Michigan. Having received messages from this campaign and comparing it against the messages in

my Complaint, I observe that the messages are reused across campaigns, telephone numbers, and fictitious senders. While they may slightly vary from message to message, they never departed from their core script.

16. I have never owed back taxes or any other tax debt to any government. I have never had any business relationship with either Defendant. I have never given either Defendant consent to contact me.

17. On June 10, 2025, I filed a notice of voluntary dismissal in my first action against Defendant Range View Management LLC, No. 2:25-cv-10839, Dkt. 19 (E.D. Mich.), following the parties' private settlement. In my second action, No. 2:25-cv-12906, Dkts. 8-9 (E.D. Mich.), I filed a notice of voluntary dismissal on October 29, 2025, also following private settlement, and the Court entered its order dismissing the case on November 6, 2025. I respectfully request that the Court take judicial notice of the dockets in both prior actions.

18. On April 23, 2026, I sent a demand letter dated April 22, 2026 via email to Brent Phillips, Esq., who had represented Defendant Range View Management LLC in both of my prior actions against Range View. On April 27, 2026, Mr. Phillips replied and advised that he was not representing Range View in this matter.

19. The final telemarketing message I received from Defendants arrived on April 23, 2026, after I sent my demand letter to Mr. Phillips. After Mr. Phillips

acknowledged my demand letter on April 27, 2026, I received no further telemarketing messages from Defendants.

20. Neither Defendant nor any counsel for either of the Defendants has contacted me since this action was filed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 5, 2026 in Livonia, MI.

/s/ Harold E. Rutila, IV
Harold E. Rutila, IV
*Pro se*
11800 Merriman Rd
#51552
Livonia, MI 48151
h.rutila@gmail.com
(810) 845-3497